JUSTICE COTTER
dissents.
¶34 I respectfully dissent from the Court’s decision to affirm the order granting the Union Pacific Railroad Company’s motion for summary judgment. I would reverse the decision and remand the case for a factual determination by the jury as to whether the statute of limitations has run.
¶35 Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). A plaintiffs burden in a FELA action is significantly lighter than in an ordinary negligence case, and some FELA cases have been “submitted to juries based upon evidence ‘scarcely more substantial than pigeon bone broth.’ ” Grogg v. CSX Transp., Inc., 659 F. Supp. 2d 998, 1002 (2009) (citing Williams v. Natl. R.R. Passenger Corp., 161 F.3d 1059, 1061 (7th Cir. 1998) (internal quotations omitted)).
¶36 While the Court correctly concluded that federal substantive law applies in this FELA case, the issue of whether summary judgment was appropriate is governed by state law. ‘The rule in Montana, and in the majority of jurisdictions, is that when there is conflicting evidence as to when a cause of action accrued, the question of whether an action is barred by the statute of limitations is for the jury to decide.” Nelson v. Nelson, 2002 MT 151, ¶ 24, 310 Mont. 329, 50 P.3d 139 (citing Hill v. Squibb & Sons, E.R., 181 Mont. 199, 212, 592 P.2d 1383, 1390-91 (1979) (internal citation omitted)). See also McCormick v. Brevig, 1999 MT 86, ¶¶ 102-03, 294 Mont. 144, 980 P.2d 603 (it is for the trier of fact to determine at what point the plaintiff discovered or should have discovered through due diligence any negligence by the accountant when the existence of a trust was self-concealing); Werre v. David, 275 Mont. 376, 384, 913 P.2d 625, 630 (1996) (the point at *133 which the plaintiff discovered a connection between the sexual abuse she experienced as a child and her mental disorders as an adult was a question of fact for the jury; thus, denial of the defendant’s motion for a directed verdict was correct).
¶37 Drawing all reasonable inferences that may be drawn from the offered proof in favor of Bridgman, I conclude genuine issues of material fact exist. Though the Court determines that the discussion at the February 22,2008 doctor appointment was no different than the discussions held during the previous appointments, Bridgman argues that he complained of symptoms “unlike anything he had ever experienced in his low back, with new pain radiating into his lower extremities.” Here, as in Fonseca v. Consol. Rail Corp., 246 F.3d 585 (6th Cir. 2001), there is a genuine issue of material fact as to whether the symptoms Bridgman complained of for three years prior to filing the lawsuit were separate from the symptoms he experienced periodically beginning in 1995. Bridgman is entitled to have a jury decide whether and when a reasonable person in his circumstances would have realized that he had suffered more than a de minimus injury and that the injury was work-related. For example, a jury could have determined Dr. Pierce’s note that Bridgman “carr[ies] a heavy bag at times for work” would not put a reasonable person on inquiry notice that the injury was work-related when there was no evidence that the doctor indicated to Bridgman that carrying a heavy bag was related to his injury, or that Bridgman himself identified the bag as a possible cause of the injury.
¶38 I acknowledge that FELA imposes an affirmative duty on plaintiffs to investigate the cause of their injury upon inquiry notice, but I conclude that whether Bridgman exercised reasonable diligence to investigate his injury is a question of fact for the jury. A jury could have concluded that Bridgman made reasonable efforts to investigate his pain complaints by visiting his chiropractor and doctors, but that his physicians did not know the effect of his occupational exposures on his condition.
¶39 For the foregoing reasons, I dissent from the Court’s decision to affirm the District Court.
JUSTICE WHEAT joins the Dissent of JUSTICE COTTER.